# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TASHA HERBERT,** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5425** |
| **AUDUBON COMMISSION, ET AL.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Considering Plaintiff's Motion to Fix Attorney's Fees and Costs (Rec. Doc. 38), and Defendants', The Audubon Commission and The Audubon Nature Institute, Inc. (collectively referred to herein as "Audubon"), Memorandum in Opposition (Rec. Doc. 46). Accordingly, for the reasons discussed below,

**IT IS ORDERED** that the Motion to Fix Attorney's Fees and Costs is **GRANTED in part and DENIED in part.**

**FACTS AND PROCEDURAL HISTORY**

Tasha Herbert ("Herbert") filed suit against Audubon in October 2015, alleging several architectural barriers located at Audubon Park and the adjacent Riverview area in contravention of the ADA. Rec. Doc. 1. Following discovery and extensive settlement negotiations, the parties reached agreement in a Consent Judgment. Rec. Doc. 33-2. The Consent Judgment obligates Audubon to make improvements to Audubon Park in comport with the ADA in exchange for dismissal of Herbert's claims with prejudice. *Id*. The parties

1

also agreed that Audubon compensate Herbert 1,000.00 in damages. *Id*.

Herbert files the instant motion pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act ("ADA"), as the "prevailing party" for an award of attorney's fees and costs. Rec. Doc. 38. Counsel requests this Court order Audubon to pay Plaintiff $16,103.50 in attorneys' fees and $4,510.83 in costs. Audubon's Response in Opposition objects to: 1) the reasonableness of Plaintiff counsel's requested rates, 2) the reasonableness of the number of hours submitted, and 3) payment of post-settlement hours submitted by Plaintiff's counsel. *See generally* Rec. Doc. 46.

**LAW AND ANALYSIS**

The ADA was enacted to assure no person would be discriminated against on the basis of his or her disability. 42 U.S.C. § 12181 *et seq*. In order to assure the availability and willingness of lawyers to prosecute its compliance, the ADA allows for court's to award the prevailing party "a reasonable attorney's fee, including litigation expenses, and cost." 42 U.S.C. § 12205; *Brother v. Miami Hotel Investments, Ltd.*, 341 F. Supp. 2d 1230, 1233 (S.D. Fla. 2004). As we have already entered Consent Judgment, it is clear that Herbert is the prevailing party in this case.[1] However, it

---

[1] *See e.g., Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 604 (2001) "[E]nforceable judgments on the merits and court-ordered consent decrees create the "material alteration of the legal relationship of the parties" necessary to permit

remains for this Court to determine what fees and costs, if any, are reasonable.

Determination of a reasonable attorney's fee involves calculating the lodestar, which is a two-step process. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). In the first step, this Court is to determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *Id*. Next, this Court is to multiply the determined hours by the determined rate. *Id*. This calculation comprises the lodestar. *Id*. The lodestar is then either accepted or adjusted according to the twelve factors delineated in *Johnson v. Georgia Highway Exp.*, which are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation. And ability of counsel; (10) the undesirability of the case; (11) the nature and length of the proceedings; and (12) awards in similar cases.

488 F. 2d 714, 717-19.

---

an award of attorney's fees."; *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."

**Calculation of Lodestar**

The first step involved is determination of a reasonable hourly rate by counsel involved in the litigation. "Reasonable fees" are calculated based from prevailing market rates in the relevant community. *Blum v. Stetson*, 465 U.S. 886, 895 (1984). "Determination of the reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing there." *Chisholm v. Hood*, 90 F. App'x 709, 710 (5th Cir. 2004). These determinations of rates are performed on case-by-case basis. *Id*.

From the attached affidavit, Plaintiff's counsel Andrew Bizer is a 14-year practicing attorney and has been involved in over 250 ADA cases. Garret DeReus, also a partner at Bizer & DeReus, has been practicing 4 years and has been involved in over 200 cases involving public entities under Title II of the ADA. Amanda Klevorn, former associate at Bizer & DeReus, was a 3rd year associate; and James Daniel is a first year associate at the firm. Rec. Docs. 38-4 and 38-5.

However, other than personal testimony, Plaintiff's counsel fails to provide sufficient evidence that its requested rates are in comport with prevailing market rates in New Orleans for ADA litigation. Rec. Docs. 38 through 38-12. Plaintiff's counsel is reminded that as the applicants, they bear the burden of producing satisfactory evidence, in addition to the their own affidavits,

4

"that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *N.A.A.C.P. v. City of Evergreen, Ala.,* 812 F.2d 1332, 1338 (11th Cir. 1987).

"Nevertheless, the ultimate goal of the trial court in considering a fee application is reasonable compensation." *Id*. From the record, it may be fairly discerned that Plaintiff's counsel is quite familiar with the ADA litigation process. In fact, Plaintiff's counsel in the instant case has already been awarded attorney's fees by multiple judgments in this District, including by Judge Zainey, Judge Wilkinson, Judge Engelhardt, and Judge North. *See generally, Mark v. Covington City, et al.*, No. 15-05977 (E.D. La. July 8, 2016); *Carrier v. 3841 Veterans Boulevard Partnership*, No. 16-06648 (E.D. La. Sept. 21, 2017); *Herbert v. City of New Orleans*, No. 16-02870, 2017 WL 3216583 (E.D. La. July 28, 2017*)*. The facts here are substantially similar to those presented in those cited above.

**Accordingly, we determine the following rates acceptable for Plaintiff's counsel in this case:**

| | |
|---|---|
| **Andrew Bizer** | **$275 per hour** |
| **Garret DeReus** | **$150 per hour** |
| **Amanda Klevorn** | **$125 per hour** |
| **James Daniel** | **$100 per hour** |
| **Paralegal** | **$75 per hour** |

It is to be noted that this Court has taken into consideration Audubon's argument regarding the administrative and routine nature of Plaintiff counsels' role in this ADA litigation, which is to be discussed *infra*.

The second requisite variable necessary for calculation of the lodestar is a determination of the number of hours reasonably expended in the case. *Louisiana Power & Light Co.*, 50 F.3d at 324 (5th Cir. 1995). "The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. Plaintiff's counsel submits the following hours for calculation of the lodestar:

```
Andrew Bizer        23.86 hours
Garret DeReus       41.38 hours
Amanda Klevorn      09.63 hours
James Daniel        09.00 hours
Paralegal           01.85 hours
Total:              83.87 hours
```

We commend Plaintiff's counsel on the sufficiency of documentation provided, as well as efforts to exercise billing judgment and thereby reduce hours counsel deemed unreasonable for various reasons. Attorneys must "exercise billing judgment by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards." *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008).

Nevertheless, after review of the hours submitted by Plaintiff's counsel, we find remaining entries are subject to further reduction. "The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended." *Id.* The high volume of litigation and ADA cases undertaken by Plaintiff's counsel, which supplemented counsels requested rate as reasonable, works as a proverbial double-edged sword in the analysis of reasonable hours expended in this case. We are inclined to agree with Defendants that Plaintiff counsel's voluminous accrual of ADA filings, in this District alone calls for a reduction in many of the hours counsel submitted as "reasonably expended" in this matter. In particular, much of Andrew Bizer's itemized involvement is either duplicative or unnecessary. Much of the review performed by Bizer is quite longer than reasonably expected considering the basic nature of and his familiarity with ADA cases. This case exhibited a fairly straightforward litigation process. Most of Plaintiff counsels' work consisted of drafting the original complaint and early pleadings, supervision and review of experts' reports, and settlement negotiations. In addition, as this case settled as early as January 2017, the 12.93 hours jointly accrued and billed by Bizer and DeReus is also largely unnecessary.

**Accordingly, we will apply a twenty-five percent (25%) reduction to the hours expended in the case. The calculation of the lodestar is as follows:**

| Attorney | Hours | | Rate |
|---|---|---|---|
| Andrew Bizer | (23.86 @25%) | x | $275 per hour |
| Garret DeReus | (41.38 @25%) | x | $150 per hour |
| Amanda Klevorn | (09.63 @25%) | x | $125 per hour |
| James Daniel | (09.00 @25%) | x | $100 per hour |
| Paralegal | (01.85 @25%) | x | $75 per hour |
| **Total:** | | | **$11,258.81** |

## Johnson Factors

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve *Johnson* factors. However, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required." *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir.1998). Here, we already considered the *Johnson* factors above, which resulted in a reduction of the reasonable expended hours in this matter.

## Costs

Plaintiff counsel also seeks payment for its costs and expenses incurred throughout this litigation, totaling $4,510.83. 28 U.S.C. § 1920 provides that a court may tax the following costs:

> [F]ees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic

transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.

*Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Plaintiff is seeking payment for the following costs:

```
Filing Fee          $400.00
Services Fee        $225.00
Heybeck Report      $2,500.00
Heybeck Expenses    $85.83
Maffey Report       $1,300.00
Total:              $4,510.83
```

The above costs are recoverable and will be awarded. Review of attached documentation and testimony reveals that Heybeck Engineering agreed to a flat fee for the production of a Rule 34 Inspection of Audubon Park and a subsequent expert report. Plaintiff also retained Charles, who produced an expert report regarding the financial feasibility of ADA compliant modifications. While $1,300.00 for 6.5 hours of work on the financial feasibility borders the precipice, it is not unreasonable on the present record.

Considering the foregoing, Plaintiff's Motion to Fix Attorney's Fees and Costs is **GRANTED in Part and DENIED in Part. Audubon is hereby ordered to pay Plaintiff Herbert $11,258.81 in**

**reasonable fees and $4,510.83 in recoverable costs, for a total of $15,769.64.**

New Orleans, Louisiana, this 28th day of November, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE